### No. 25371

**Coles, Manter & Watson, a professional corporation, Truman E. Coles, David G. Manter, and Buron Keith Watson, Attorneys, Peter Frein and James Miller v. The Denver District Court, Second Judicial District, Robert E. McLean, one of the judges thereof, and individually, and Robert T. Kingsley, one of the judges thereof, and individually**

(493 P.2d 374)

Decided January 31, 1972.

Coles & Watson, P.C., for petitioners.

Kripke, Carrigan & Dufty, P.C., for respondents.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

Upon application of the petitioners for relief in the nature of prohibition, we issued a rule to show cause. We now make the rule absolute.

The petitioners, Cole, Manter and Watson, are attorneys who formerly were deputy or assistant state public defenders. We will refer to them as deputies. They were acting under the provisions of 1969 Perm. Supp., C.R.S. 1963, 39-21-1 *et seq.* This statute provides that the state public defender (and, of course, any attorneys acting under him) shall represent as counsel, without charge, indigent persons arrested for or charged with crime. The statute provides that the "determination of indigency shall be made by the state public defender, subject to review by the court." Petitioners Frein and Miller are defendants in criminal cases which are pending for trial. They were represented by the attorney petitioners as deputy state public defenders. After the commencement of these attorney-client relationships there was a termination of attorney petitioners' employment as deputy public defenders and they entered private law practice in October and November 1971. The attorney petitioners now seek to enter their appearance as private counsel for these defendants in the pending cases. The defendants allege in effect that it is their desire that they be so represented.

One of the respondent judges, to quote from the answer filed on his behalf, "informed [the attorney petitioners] that they could not continue representing clients for a fee as private attorneys whom they had represented in the same cases as indigents while said attorneys were employed by the Public Defender's Office." In deference to this indication of his fellow judge, the other respondent judge has likewise refused to permit one of the attorney petitioners to enter an appearance on behalf of one of the defendants until the first judge rules on the matter.

The respondents take the following position: that attorneys, who as deputy public defenders represented defendants, cannot continue representing "the same supposedly 'indigent' defendants" in the same cases for a fee as paid counsel; that, since attorneys in the public defender's office "are not bound by the usual rules of ethics forbidding attorneys soliciting clients," and since these attorneys represented to the court that the defendants were indigent, there

is an appearance of a misrepresentation or other impropriety if the attorneys leaving the defender's staff then take the same cases for a fee; that there is the appearance that such attorneys have misrepresented to the court the defendant's financial incapacity to retain private counsel; that there is the appearance that the attorney petitioners as private lawyers have solicited employment by the defendants; and that two of the petitioners established an office on the floor below an office of the public defender. The respondents have not stated a position in the event that the representation is without fee.

The respondents cite the following provisions of our Code of Professional Responsibility:

"EC 9-3 After a lawyer leaves judicial office or other public employment, he should not accept employment in connection with any matter in which he had substantial responsibility prior to his leaving, since to accept employment would give the appearance of impropriety even if none exists."

"DR 9-101 Avoiding Even the Appearance of Impropriety."

* * *

"(B) A lawyer shall not accept private employment in a matter in which he had substantial responsibility while he was a public employee."

We do not regard employment in the public defender's office as a type of public employment contemplated in Ethical Consideration 9-3 and Disciplinary Rule 9-101 (B). We can perceive no conflict of interest in the representation of a defendant by a deputy public defender and the subsequent representation by the same attorney in a private capacity of the defendant in the same case.

Matters of ethics are involved in the conduct and suspected conduct of the attorney petitioners. The violations by them of ethical standards, if they have been guilty of such violations, are not such that they justify a trial court's prohibition of their representation of the defendants. The attorney petitioners are admitted to practice before this court and all other state courts in Colorado. As much as we disapprove of the type of conduct in which it is intimated

they have engaged, if the defendants wish to retain them as counsel, these representations of clients cannot be forbidden.

If the respondent judges and their counsel — particularly their counsel — have in their possession facts which indicate that the petitioners have solicited business, have used the public defender's office as a "feeder" for private law business, have wilfully misrepresented matters of indigency as deputy public defenders, or have otherwise acted contrary to the best standards of the legal profession, it is not only their right, but their responsibility, to bring this matter before us as a grievance and for disciplinary procedures.

The respondents have sought to take depositions and have moved that we appoint a special master to take evidence and make findings. The petitioners have moved to quash respondents' notice to take depositions. We must assume that the purpose of the depositions and the taking of evidence by a master will be to develop the facts underlying the suspected conduct. In the light of our opinion, such depositions and a hearing by a master would have no effect on this matter. Therefore, the motion to quash is granted and the motion for a special master is denied.

The rule is made absolute.